Arnell Billy **HUTTON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15108.

Court of Criminal Appeals of Oklahoma.

July 15, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Arnell Billy Hutton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Attempted Larceny of an Automobile; his punishment was fixed at one year imprisonment in the state penitentiary, and he appeals.

The evidence adduced on the trial reveals that Officers White and Johnson of the Oklahoma City Police Department were cruising in the vicinity of the 900 block North Broadway on October 20, 1968, about 7:00 p. m., when they noticed a Mustang automobile in a parking lot with the hood raised. The defendant's brother was inside the car and the glove com-

partment was open and the contents were strewn about the floor. A screwdriver and a pair of pliers were on the car seat and the ignition switch had been removed and was dangling by the connecting wires. The defendant was outside with his head under the hood at the motor. When asked what they were doing they replied that their uncle had asked them to get the car started.

The car had been parked by one Charlie Lutke, who was the owner, and the next day he discovered a coathanger that had not before been in the car. The coathanger was bent in such a manner that it could have been used to enter the locked car.

Detective King of the Oklahoma City Police Department testified that he talked to defendant in custody at the police station on October 21, 1968, and defendant, after being warned of the rights against self-incrimination, told the detective he and his brother were at the car for the purpose of stealing it.

The defendant did not testify in his own behalf nor offer evidence.

■ The single assignment of error seriously urged on appeal is that defendant's confession was improperly admitted into evidence for the reason that he had not been advised of his constitutional rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Story v. State, Okl.Cr., 452 P.2d 822. We believe the following excerpt of testimony (R 28), taken outside the hearing of the jury, amply disposes of this issue in that it establishes substantial compliance with Miranda v. Arizona and Story v. State, supra:

"BY MR. FUNK: (Continuing) Q. Now, officer, at the time of this confrontation, what was the first thing that you did?

A. I advised the defendant of his constitutional rights pertaining to self-incrimination.

Q. All right. Will you state to the Court just what those questions were or how you did advise him?

A. I advised the defendant of these rights: I advised him that he had a right to remain silent. I further advised him that he had a right to legal counsel and have counsel present when he was interviewed. I further advised the defendant that anything he said at this interview could be used against him at a later date. I further advised the defendant that if he couldn't afford an attorney, that the State would appoint an attorney for him. I then advised the defendant if he wished to waive these rights, that he could stop talking at any time.

MR. FUNK: All right. Does the Court want me to proceed further?

THE COURT: Go ahead further.

MR. FUNK: Or is that all that you need at this time?

THE COURT: You advised him of all of his constitutional rights, didn't you?

A. I advised him of those rights which I stated, sir.

Q. (MR. FUNK continuing) And after you advised him of those rights, did you further—what did he, the defendant say?

A. The defendant advised us that he would talk to us and waived these rights. * * *."

■ In light of the foregoing warning and waiver by the defendant, we are of the opinion that the trial court did not err in admitting the defendant's confession. It otherwise appearing that the undisputed evidence overwhelmingly supports the verdict of the jury; the record being free of any error which would justify modification or reversal; the punishment imposed being well within the range provided by law, we are of the opinion that the judgment and sentence appealed from should be, and the same, is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.